"Joseph Jordan, late of the county of Bertie, was attached, to answer John Hardison of plea of trespass on the case, etc. And whereupon the said John Hardison, by Blake Baker, his attorney, complains that, whereas, a certain Amasa Perrin, on the _____ day of _________, in the year of our Lord one thousand seven hundred and ninety-nine, at the county of Bertie aforesaid, had instituted a suit, by way of warrant, against the said John Hardison, for the recovery of a sum of money pretended to be due and owing by the said John Hardison to him, the said Amasa Perrin; and the said suit, on the day and year aforesaid, at the county aforesaid, was tried by the said Joseph Jordan, a justice of the peace of the said county, who had competent power to try the same. And he, the said Joseph, on such trial, gave judgment against the said John Hardison in favor of the said Amasa Perrin, upon the said warrant, for the sum of six pounds, besides costs of suit. From which judgment of the said Joseph the said John prayed an appeal to the county court of Bertie aforesaid. And the said John then and there offered to the said Joseph two good and sufficient securities for prosecuting (575) the said appeal with effect, to wit: Samuel Mares and John Harrison, both of the said county, then and there being sufficient persons, and having each of them sufficient property within the county aforesaid, and were good and sufficient securities for the said John's prosecuting the said appeal with effect, according to the directions of the Act of the General Assembly in such cases made and provided. Nevertheless the said Joseph, being not ignorant of the premises, and well knowing that the said Samuel Mares and John Harrison were good and sufficient securities for the said appeal as aforesaid; not considering the duties of his said office, and disregarding the directions of the said Act of Assembly, but contriving and maliciously intending unjustly to aggrieve and oppress the said John in this behalf, and unjustly and maliciously to deprive him of his said appeal, and to subject him unjustly and maliciously to the payment of the said unjust judgment and costs, did then and there refuse to accept the said Samuel Mares and John Harrison as securities for the said appeal; and did then and there refuse to grant the said appeal, although he, the said Joseph, was then and there requested so to do by him, the said John, whereby the said John was unjustly and maliciously deprived of the said appeal, and was *Page 487 
thereby unjustly compelled to pay the said sum of six pounds, together with the sum of ________, for the costs of the said warrant. Wherefore," etc.
There was another count in substance the same, only charging that the defendant refused the appeal corruptly, etc.
The jury, on the trial at October Term, 1801, found the defendant guilty upon the first count; but not guilty in manner and form as charged in the second count.
The defendant's counsel moved in arrest of judgment, and filed the following reasons, viz.:
1st. Because the defendant was acting in his judicial capacity as a justice of the peace when he refused to grant an appeal as complained of, and stated in the plaintiff's declaration.
2d. Because it is not sufficiently stated in the plaintiff's declaration how the plaintiff suffered any damage in consequence (576) of the defendant's refusing to grant the plaintiff an appeal.
The counsel for the defendant argued that an action at the suit of the party will not lie against a Judge on an official act. 1 Danv. Abr., 179, secs. 1, 2, 4.
Or a justice of the peace for what he does while acting as such. 2 Haw. Pleas of the Crown, ch. 13, sec. 20; Carth., 494; Bacon's Abr., Appendix, Justice of Peace, F.
A civil action is maintainable against a justice of the peace acting in his office out of court, either maliciously, oppressively, or corruptly. 2 Stra., 710.
The declaration states, "the said John was unjustly and maliciously deprived of his said appeal, and thereby unjustly compelled to pay the said sum of six pounds, with the sum of _____, for the costs of said warrant. This appears to us to be sufficiently certain. We are therefore of opinion the reasons in arrest of judgment ought to be overruled.
NOTE. — See Cunningham v. Dillard, 20 N.C. 485, which seems tobe at variance with this case.